**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Jose Javier Lopez-Diaz,<br><br>    Defendant. | No. CR-13-1544-PHX-DLR-3<br><br>**ORDER** |

Before the Court is Defendant's pro se "Compassionate Release Motion" (Doc. 222.) Defendant moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for a compassionate release order reducing his sentence. For the following reasons, Defendant's motion is denied.

The Court may modify a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A)(i) if "extraordinary and compelling reasons warrant such a reduction." District Courts "are empowered to consider any extraordinary and compelling reasons for release that a defendant might raise." *U.S. v. Aruda*, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (per curiam).

As a basis for his early release, Defendant points to his rehabilitation and argues a change in drug sentencing policy. Defendant's attachment to his motion shows that he has earned a GED while incarcerated and has taken several classes. (Doc. 222 at 6.) While his efforts at self-improvement and rehabilitation while incarcerated are commendable, they

do not rise to the level of extraordinary and compelling circumstances as contemplated by 18 U.S.C. § 3582(c)(1)(A)(i).

As to the changes in sentencing statutes, Defendant points the First Step Act of 2018 that applied the Fair Sentencing Act of 2010 retroactively to cases sentenced before the Act took effect on August 3, 2010. That Act "had the effect of lowering the 100-to-1 crack-to-powder [cocaine] ratio to 18 to 1." *Dorsey v. United States*, 567 U.S. 260, 269–70 (2012). The Fair Sentencing Act and its retroactive application has no bearing on Defendant. First, the crime for which he was convicted involved methamphetamine and not crack cocaine. Second, he was sentenced on April 13, 2015, almost five years after the Fair Sentencing Act took effect. There has not been a change in statutory sentencing law that would have resulted in Defendant receiving a lower sentence today than he received in 2015. Defendant has failed to establish that the Fair Sentencing Act creates an extraordinary and compelling reason for a compassionate release in his case.

**IT IS ORDERED** that Defendant's pro se "Compassionate Release Motion" (Doc. 222) is **DENIED**.

Dated this 13th day of May, 2021.

Douglas L. Rayes
United States District Judge